IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ALBERT SINEGAL,** § | |
| Plaintiff, § | |
| vs. § | |
| § | |
| **THE CITY OF EL PASO, a municipal corporation,** § | Cause No. 3:19-CV-107 |
| **OFFICER CHAD CORPUZ #2862, individually and** § | |
| in his official capacity as a police officer with the City § | |
| of El Paso Police Department, **OFFICER PETER G.** § | |
| **FONTE #3005, individually and in his official capacity** § | |
| with the City of El Paso Police Department, **OFFICER** § | |
| **H. ENCISO # 3003, individually and in his official** § | |
| capacity with the City of El Paso Police Department, § | |
| **OFFICER R. HERNANDEZ #3010, individually and in** § | |
| his official capacity as a police officer with the City of § | |
| El Paso Police Department, **OFFICER D. MENDOZA** § | |
| **#3019, Individually and in his official capacity as a** § | |
| police officer with the City of El Paso Police § | |
| department **OFFICER R. LINCON #3017, individually** § | |
| and in her official capacity as a police officer with the § | |
| City of El Paso Police Department, § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, ALBERT SINEGAL (hereinafter called "SINEGAL"), by and through his attorney, Joshua C. Spencer, complaining of OFFICER CHAD CORPUZ #2862, individually and in his official capacity as a police officer with the City of El Paso Police Department (hereinafter referred as "Officer Corpuz"), OFFICER PETER G. FONTE #3005, individually and in his official capacity as a police officer with the City of El Paso Police Department (hereinafter referred as "Officer Fonte"), OFFICER H. ENCISO #3003, individually and in his official capacity as a police officer with the City of El Paso Police Department (hereinafter referred as "Officer Enciso"), OFFICER R. HERNANDEZ #3010, individually

and in his official capacity as a police officer with the City of El Paso Police Department (hereinafter referred as "Officer Hernandez"), OFFICER D. MENDOZA #3019, individually and in his official capacity as a police officer with the City of El Paso Police Department (hereinafter referred as "Officer Mendoza"), OFFICER R. LINCON #3017, individually and in her official capacity as a police officer with the City of El Paso Police Department (hereinafter referred as "Officer Lincon"), and the CITY OF EL PASO, and for causes of action respectfully show the Court as follow:

## PARTIES

1. Plaintiff, ALBERT SINEGAL, is an individual and resides in El Paso County, Texas.

2. Defendant, OFFICER CHAD CORPUZ #2862, is an individual who is sued in his Official and Individual capacity. He may be served with citation at his place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas 79903. Officer Corpuz is an agent, servant, and/or employee of the El Paso Police Department in El Paso, Texas, and was acting within the course and scope of an El Paso Police Department Officer during the incident.

3. Defendant, OFFICER PETER G. FONTE #3005, is an individual who is sued in his Official and Individual capacity. He may be served with citation at his place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas 79903. Officer Fonte is an agent, servant, and/or employee of the El Paso Police Department in El Paso, Texas, and was acting within the course and scope of an El Paso Police Department Officer during the incident.

4. Defendant, OFFICER H. ENCISO #3003, is an individual who is sued in his

Official and Individual capacity. He may be served with citation at his place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas 79903. Officer Enciso is an agent, servant, and/or employee of the El Paso Police Department in El Paso, Texas, and was acting within the course and scope of an El Paso Police Department Officer during the incident.

5. Defendant, OFFICER R. HERNANDEZ #3010, is an individual who is sued in his Official and Individual capacity. He may be served with citation at his place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas 79903. Officer Hernandez is an agent, servant, and/or employee of the El Paso Police Department in El Paso, Texas, and was acting within the course and scope of an El Paso Police Department Officer during the incident.

6. Defendant, OFFICER D. MENDOZA #3019, is an individual who is sued in his Official and Individual capacity. He may be served with citation at his place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas 79903. Officer Mendoza is an agent, servant, and/or employee of the El Paso Police Department in El Paso, Texas, and was acting within the course and scope of an El Paso Police Department Officer during the incident.

7. Defendant, OFFICER R. LINCON #3017, is an individual who is sued in her Official and Individual capacity. She may be served with citation at her place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas 79903. Officer Lincon is an agent, servant, and/or employee of the El Paso Police Department in El Paso, Texas, and was acting within the course and scope of an El Paso Police Department Officer during the incident.

8.     Defendant, CITY OF EL PASO, is a municipality and political subdivision of the State of Texas located at 300 N. Campbell, El Paso, Texas 79901, which operates the El Paso Police Department and which employed Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon at the time of the incident the subject of this suit.

## JURISDICTION AND VENUE

9.     This is a civil rights action arising from the use of excessive force on Plaintiff by the hereinabove named Defendants on or about April 8, 2017, in El Paso County, Texas.

10.    This action is brought under 42 United States Code Section 1983 for violations the Fourth, Eighth and Fourteenth Amendments of the United States Constitution the Texas Tort Claims Act §101.021(2). Plaintiff's cause of action constitutes federal question jurisdiction with the District Court pursuant to Title 28 United States Code Section 1331 and 1343(a)(3) and (4).

11.     Venue is proper in the Western District of Texas-El Paso Division pursuant to 28 U.S.C. §1391(b)(2).

## STATEMENT OF FACTS

12.    On or about April 8, 2017, at about 11:15 p.m., Plaintiff Sinegal was traveling downtown on the 500 block of E. San Antonio St. headed towards the University of Texas at El Paso to move some personal property. Plaintiff was a passenger in another car ahead of his brother, Eddie Sinegal, at which time Eddie Sinegal was pulled over by an officer on a bicycle at the intersection of E. San Antonio and Santa Fe Street.  Plaintiff parked at a safe distance and exited his vehicle across the street, to the opposite end of the roadway from where his brother

was pulled over. One officer insisted he stay back and he complied; however, visibility to Eddie diminished with the officer's insistence. Plaintiff's brother, Eddie, had already exited his car where he was surrounded by Defendants and clearly under police custody where Eddie Sinegal was not free to leave.

13. Plaintiff did not interfere with the police officers' duties while Eddie Sinegal was in custody. Plaintiff was approached by Defendants during Eddie Sinegal's detention as questioned, and Plaintiff asked as to why the officers had taken such excessive and unnecessary actions against his brother. Plaintiff never crossed the street or moved towards his brother at any time to interfere with law enforcement duties; nonetheless, Defendants unlawfully used excessive and unreasonable force to seize Plaintiff's person, and several Defendants tased Plaintiff attacking him and tackling him to the ground. Defendants tased Plaintiff during the attack and used personal, tangible property causing severe bodily injury to Plaintiff. Plaintiff was immediately taken to the hospital for his injuries caused by the Defendants during the course and scope of their employment with the El Paso Police Department.

## **CAUSE OF ACTION – 42 U.S.C. §1983**

### *Unlawful/False Arrest*

14. Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon are liable under 42 U.S.C. §1983 for causing serious bodily injury resulting in violations of the 4th, 8th and 14th Amendment of the United States Constitution and violations of the Texas Tort Claims Act, for which Plaintiff Sinegal hereby sues.

15. Plaintiff Sinegal incorporates the prior factual allegations and shows that the actions of Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer

Mendoza, and Officer Lincon in their official and individual capacity while acting under color of law resulted in violations to Plaintiff Sinegal's rights guaranteed under the 4th, 8th and 14th Amendments of the United States Constitution.

16. The arrest, detention, search and seizure of Plaintiff's person and property described above was in violation of 42 U.S.C. 1983 et seq., and Plaintiff's right to be free from unreasonable searches, seizures, and deprivations of liberty under the 4$^{th,}$ 8th, and 14th Amendments to the Constitution of the United States, in that there was no probable cause or lawful justification for the searches, seizures, detentions, and deprivation of liberty of the Plaintiff.

17. By participating in the above-described conduct, Defendants Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon knowingly sought to and did in fact falsely arrest plaintiff, knowing that there was no probable cause to arrest him.

18. As a proximate result of the foregoing, Plaintiff Sinegal was deprived of his freedom and dignity, and was greatly injured in his reputation and occupation and was exposed to public disgrace, and humiliation, suffered great mental anguish, severe emotional distress, resulting in injury to his mind, body, and nervous system, including flashbacks, fear of police, and was deprived of his constitutional rights as described above, all to his damage.

### *Excessive Force*

19. Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon are liable under 42 U.S.C. §1983 for the damages resulting from statutory and constitutional violations, for which Plaintiff Sinegal hereby sues.

20. Plaintiff Sinegal incorporates the prior factual allegations and shows that the actions of Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon in their official and individual capacity while acting under color of law resulted in violations of Plaintiff Sinegal's rights guaranteed under the 4th, 8th, and 14th Amendments of the United States Constitution.

21. Plaintiff suffered bruising, extreme internal and external pain of the body, and internal bleeding on the right side of his face as a direct result of Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon's use of force to arrest Plaintiff Sinegal which was clearly excessive and objectively unreasonable under the circumstances. Plaintiff is entitled to seek damages from Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon's use of excessive force because at all material times, Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon's conduct was intentional, wanton and/or willful, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, and objectively unreasonable. Plaintiff is entitled to recovery from Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon's use of excessive force during and after the arrest.

22. As a proximate result of the foregoing, Plaintiff Sinegal was deprived of his freedom and dignity, and was greatly injured in his reputation and occupation and was exposed to public disgrace, and humiliation, suffered great mental anguish, severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, nightmares, flashbacks, fear of police, and was deprived of his constitutional rights as described above, all to his damage.

*Inadequate Training and Supervision*

23. Plaintiff realleges paragraphs 1 through 22 above.

24. The unconstitutional actions and/or omissions of Defendant Officers, as well as other officers employed by or acting on behalf of Defendant City of El Paso, were pursuant to the following customs and/or policies of Defendant City of El Paso, which were directed, encouraged, allowed, and/or ratified by the highest active acting policymakers in the El Paso Police Department, and which were a persistent and widespread practice of Defendant City Of El Paso Police Department and Employees, which, although not authorized by officially adopted and promulgated policy, are so common and well settled as to constitute a custom that fairly represents municipal policy for the Defendant City of El Paso, namely:

    a. to use or tolerate excessive or deadly force without justification or explanation;

    b. to use unreasonably and unnecessarily aggressive tactics against persons who are unaware of the purpose of the police action, thereby creating situations where Officers are more likely to use substantial physical, excessive and unnecessary force in such situation.

25. Moreover, Defendant, City of El Paso, promulgated these customs and practices with deliberate indifference to the known or obvious consequences that Constitutional Violations would result.

26. Defendant, City of El Paso, failed to properly train, instruct, monitor, supervise, and discipline the Defendant Officers, and other Officers with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

27. Furthermore, the unconstitutional actions and/or omissions of the Defendant Police Officers, as described above, were ordered, approved, tolerated and/or ratified by the highest acting policy-making officers of Defendant City of El Paso.

28. Finally, the policies mentioned above, practices and customs, as well the failures to properly and adequately train, instruct, monitor, supervise and discipline, Defendant, City of El Paso, were a moving force and/or proximate cause of the deprivations of Plaintiffs' established and constitutional rights in violation of 42 U.S.C. §1983.

*Claim Under Texas Tort Claims Act Against Defendants*

29. At the time pertinent herein, Defendants, CITY OF EL PASO, and any of Defendants' agents, servants, and employees, who were at all times acting in the course and scope of their employment were guilty of negligent conduct towards the Plaintiff in the following respects:

   a. The tactics employed by the Defendant Officers on April 8, 2017, when the officers threw the Plaintiff down to the ground and tased him and caused injury to Plaintiff, by means of excessive police force.

   b. These deficient tactics were so reckless and deliberately indifferent to the rights of Plaintiff and others that these bad tactics caused the totality of circumstances to appear to require the use of force, when, in fact, they did not.

   c. Defendants, City of El Paso, failed to properly train, instruct, monitor, supervise, and discipline the Defendant Officers and other Officers with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

    d.  Furthermore, the unconstitutional actions and/or omissions of the Defendant Police Officers, as described above, were ordered, approved, tolerated and/or ratified by the highest acting policy-making officers of Defendant City of El Paso.

    e.  Finally, the policies mentioned above, practices and customs, as well the failures to properly and adequately train, instruct, monitor, supervise and discipline, Defendant City of El Paso were a moving force and/or proximate cause of the deprivations of Plaintiff's established and constitutional rights.

## **PRAYER**

30.    Plaintiff incorporates the prior factual allegations and shows that the actions of the Officer Corpuz, Officer Fonte, Officer Enciso, Officer Hernandez, Officer Mendoza, and Officer Lincon in their official and individual capacity while acting under color of law resulted in the deprivation of rights guaranteed by the 4th, 8th and 14th Amendments of the United States Constitution, Article I §19 of the Texas Constitution and Section 14.06(b) of the Texas Code of Criminal Procedure.

31.    For these reasons, Plaintiff asks that the court issue citation for defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

    a.    Actual damages;

    b.    Pain and suffering in the past;

    c.    Pain and suffering in the future;

    d.    Loss of Earnings in the past;

    e.    Loss of Earnings in the future;

    f.    Prejudgment and post-judgment interest;

g. Mental anguish in the past;

h. Mental anguish in the future;

i. Court costs;

j. Attorney fees under 42 U.S.C. §1988;

k. All other relief to which Plaintiff is entitled.

## JURY DEMAND

32. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

 Respectfully submitted,

 **JOSHUA C. SPENCER**
 1009 Montana Ave.
 El Paso, Texas 79902
 Tel: (915)532-5562
 Fax: (915)532-7535

 BY: */s/ Joshua C. Spencer*
   **JOSHUA C. SPENCER**
   State Bar No. 24067879